**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 22, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.   2024AP584**

Cir. Ct. No. 2023TR13965

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

COUNTY OF MILWAUKEE,

    PLAINTIFF-RESPONDENT,

    V.

SHARON A. DAWSON,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: RAPHAEL F. RAMOS, Judge. *Affirmed*.

¶1    DONALD, P.J.[1]  Sharon Dawson, pro se, appeals her judgment of conviction in which the circuit court found her guilty of speeding, resulting in her

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

being assessed a forfeiture of $254.40. For the following reasons, the judgment is affirmed.

## BACKGROUND

¶2      On May 22, 2023, the Milwaukee County Sheriff's Office issued a citation to Dawson, alleging a violation of WIS. STAT. § 346.57(5) (Exceeding speed zones, etc. (25-29 mph)), and of failing to wear a seatbelt. Dawson entered a plea of not guilty and requested a court trial. At the court trial, the County called the sheriff's deputy who had issued the citation, Deputy Adam Bjerke, who testified that on May 22, 2023, he was patrolling Interstate 43 in the vicinity of 6th Street in Milwaukee. He stated that he noticed a tan GMC Yukon pass his squad car at a high rate of speed. When he began to pace the vehicle, he determined that the vehicle was driving 75 miles per hour in a posted 50-mile-per-hour zone. This led Deputy Bjerke to conduct a traffic stop on the vehicle and both vehicles pulled into the highway median.

¶3      Deputy Bjerke further testified that, as he approached the driver of the GMC Yukon, he noticed that the driver was not wearing a seatbelt. Deputy Bjerke identified Dawson in court as being the driver of the vehicle. He further stated that, after introducing himself and explaining the reason for the stop, he asked Dawson about her speed and the seatbelt, at which point she became argumentative and stated, "Don't worry about me or my seatbelt." At that point, Deputy Bjerke issued the two citations and ended the traffic stop.

¶4      Dawson testified in her own defense at the court trial. According to Dawson, at the time of the traffic stop, she had been getting onto the shoulder of the road, at which point she and Deputy Bjerke were driving "neck-to-neck." She stated that "two cars pulled up" and then she "pulled up." At that point, she saw the squad

2

car turn on its lights. After having pulled Dawson over, Deputy Bjerke asked her where she was going, she told him "None of your business," at which point Deputy Bjerke purportedly said, "Since you're going to be hostile, I'm going to give you—that's a ticket for seat belt." Dawson insisted at trial that there was no way she could have been going 75 miles per hour, as Deputy Bjerke alleged, because her car is "raggedy" and "doesn't even reach up to that" speed. Further, she asserted that it was impossible for her to have been going that fast with two other cars in front of her.

¶5 After considering the testimonies of both Deputy Bjerke and Dawson, the circuit court found Dawson guilty of the speeding charge, stating that

> Ms. Dawson did not provide any testimony specific to her speed indicating that she'd observed her own speedometer at any point. She indicated only that there were cars in front of her that would have impeded … her vehicle, but there's also no testimony or indication that those cars were not travelling in excess of the speed limit as well.

However, the court dismissed the citation for failure to wear a seat belt, finding that there was a lack of information regarding whether Dawson was wearing a seatbelt at the time she was actually operating the vehicle. The court imposed a forfeiture of $254.40. Dawson now appeals.

## DISCUSSION

¶6 In evaluating Dawson's brief, it is not entirely clear on which legal basis she is challenging her conviction. She makes brief, conclusory allegations of "[r]acial [p]rofiling," but does not clarify as to whether she believes racial profiling was a factor in Deputy Bjerke's decision to issue her the citations, or in the circuit court's finding that she was guilty of speeding. She also appears to challenge the circuit court's finding of guilt, alleging that Deputy Bjerke "lied and said [she] was

hostile," and that the "court did not recognize that." Dawson also makes vague allegations as to "[h]arassment," "[i]ndignant attitude," and "lieing [sic]," but does not develop any related arguments. She further states, "Judge Ramos court is incorrect related to not inquiring facts and information on details."

¶7 The County interprets Dawson's brief as raising two issues: (1) racial profiling by Deputy Bjerke in issuing the citations to Dawson, and (2) insufficiency of the evidence, as to contesting the circuit court's findings of fact and decision that Dawson was guilty of speeding.

¶8 The County argues that Dawson's allegations of racial profiling are "merely conclusory in nature and without factual support," and that Dawson "fails to present even a prima facie case for discrimination." The County further argues that, by failing to raise any challenge to Deputy Bjerke's reasonable suspicion for stopping her, Dawson may have waived this claim, although the County does not develop this argument further. The County further points out that, when testifying on the witness stand, Dawson "freely admitted … that she did not wear a seat belt," and thus essentially "admitted a violation that serves as yet another ground or basis for the lawful stop of her tan GMC Yukon vehicle."

¶9 The County notes that Deputy Bjerke never presented any evidence that race was a motivating factor in his decision to stop Dawson, and, further, that Dawson had an opportunity to cross-examine Deputy Bjerke at trial but did not raise the issue at that time. As to sufficiency of the evidence, the County argues that, in weighing the evidence provided at trial, "a reasonable person would have been persuaded that Ms. Dawson was driving in excess of the posted speed limit" when she was stopped by Deputy Bjerke.

¶10 Dawson did not file any sort of reply brief addressing the County's arguments.

¶11 This court need not address the claims of racial profiling or sufficiency of the evidence, to which Dawson so vaguely refers. We may decline to address issues which are inadequately briefed. *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). Further, arguments unsupported by references to legal authority will not be considered. *Id.* Indeed, a brief "so lacking in organization and substance that for us to decide [the] issues, we would first have to develop them," is inadequate, as we "cannot serve as both advocate and judge." *Id.* at 647.

¶12 In addition, a "party must do more than simply toss a bunch of concepts into the air with the hope that either the … court or the opposing party will arrange them into viable and fact-supported legal theories." *State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999). While pro se litigants are usually granted a "degree of leeway," this court does not "impute to pro se litigants the best argument they could have, but did not, make." *State ex rel. Wren v. Richardson*, 2019 WI 110, ¶25, 389 Wis. 2d 516, 936 N.W.2d 587 (citation omitted).

¶13 Dawson's brief is wholly lacking in legal argument or theory. She fails to cite to any sort of legal authority and appears to simply be tossing ideas into the air in the hopes that one will stick. *See Jackson*, 229 Wis. 2d at 337. In order to actually evaluate the issues raised by Dawson, this court would first have to develop the arguments for her. We decline to do so.

**CONCLUSION**

¶14    Dawson has not adequately challenged the circuit court's decision and has failed to properly develop any sort of legal argument  For those reasons, we affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)4.